IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON DAVID TRENT NEEDHAM , *Petitioner*, v. STATE OF UTAH, *Respondent*. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS** Case No. 2:16-cv-146 JNP District Judge Jill N. Parrish |

Petitioner, Aaron David Trent Needham, an inmate at Utah State Prison, petitions for habeas corpus relief. *See* 28 U.S.C. § 2254. Respondent, the State of Utah, has moved to dismiss the petition. For the reasons set forth below, the court grants Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 24).

BACKGROUND

Petitioner entered a guilty plea for passing a bad check. He was sentenced to a zero-to-five-year term, to run concurrently with other sentences he was then serving. On direct appeal to the Utah Court of Appeals, Petitioner's briefing was inadequate (*i.e.*, he did not specify trial-court errors), violating the Utah Rules of Appellate Procedure. The court therefore summarily affirmed his conviction. *State v. Needham*, No. 20140658-CA, slip op. at 2 (Utah Ct. App. Sept. 29, 2015). Petitioner petitioned for certiorari to the Utah Supreme Court. In his petition, he raised for the first time the issues that he brings in this federal habeas case. However, his petition was denied. *Needham v State*, 366 P.3d 1213 (Utah 2016) (table). Petitioner did not apply for state post-conviction relief.

Petitioner's current petition to this court asserts a number of attacks on his state-court criminal proceedings: for example, ineffective assistance of counsel, judicial conflict of interest, and involuntary plea. The State moves for dismissal, correctly arguing that these grounds are procedurally defaulted, as the Utah Court of Appeals rejected them on procedural grounds. All were denied consideration on the merits because of Petitioner's disregard of the appellate rules on proper briefing and raising trial-court error. *Needham*, No. 20140658-CA, slip op. at 2, *cert. denied,* 366 P.3d 1213.

## ANALYSIS

This court may not consider issues "defaulted in state court on independent and adequate state procedural grounds 'unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Under Utah procedural law, a person is ineligible for post-conviction relief "upon any ground that: . . . (b) was raised or addressed at trial or on appeal; (c) could have been but was not raised at trial or on appeal; [or] (d) "was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief." Utah Code Ann. § 78B-9-106(1). Further, Utah's appellate rules require an appellant to provide a written brief containing a "statement of the issue . . . presented for review" and arguments incorporating "reasoned analysis supported by citations to legal authority and the record" that explain "why the party should prevail on appeal." Utah R. App. P. 24(a).

Based on the court's review of Utah cases, these rules are "independent and adequate state procedural ground[s]" for dismissal of Petitioner's case in that they are "'strictly or regularly followed' and employed 'evenhandedly to all similar claims.'" *See Hamm*, 300 F.3d at 1216 (quoting *Hickman v. Sears*, 160 F.3d 1269, 1271 (10th Cir. 1998)); *Peak Alarm Co. v. Salt Lake City Corp.*, 243 P.3d 1221, 1244 (Utah 2010) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *Giusti v. Sterling Wentworth Corp.*, 201 P.3d 966, 976-77 (Utah 2009) (same); *Kell v. Utah*, 194 P.3d 913, 918 (Utah 2008) (holding post-conviction court correctly dismissed claims that had been previously raised and rejected, or could have been but were not raised, on direct appeal); *Gardner v. Galetka*, 151 P.3d 968, 969 (Utah 2007) (holding claim would have been procedurally barred because it could have been brought in prior post-conviction proceeding); *Hutchings v. Utah*, 84 P.3d 1150, 1153 (Utah 2003) (affirming dismissal of all claims that were raised, or could have been raised, in prior proceedings); *State v. Wareham*, 772 P.2d 960, 966 (Utah 1989) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *State v. Loose*, 135 P.3d 886, 889-90 (Utah Ct. App. 2006) (holding inmate barred from bringing post-conviction claim when issue could have been but was not raised on appeal); *State v. Womack*, 967 P.2d 536, 540 n.1 (Utah Ct. App. 1998) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue).

Under the federal law outlined earlier, this court must therefore dismiss Petitioner's defaulted claims unless cause and prejudice or a fundamental miscarriage of justice redeems their default. *See Gonzales v. Jordan*, No. 01-6415, 2002 WL 1203905, at *3-4 (10th Cir. June 5, 2002) (unpublished).

Petitioner argues cause and prejudice exist here. Specifically, Petitioner asserts that cause and prejudice stem from his lack of legal resources and experience, health problems, and discrimination based on his health.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citation omitted). Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

Here, Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Under Tenth Circuit case law, lack of legal resources and knowledge (including Petitioner's own misunderstanding) are insufficient to show cause. *Gilkey v. Kansas*, No. 02-3227, 2003 U.S. App. LEXIS, at *6 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's pro se status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims). Indeed, these are factors that are *internal* to Petitioner's "defense." Further, Petitioner's assertions that poor health and discrimination (due to his health) excuse his procedural default are cursorily offered with no supporting factual detail or evidence.

In sum, the Court concludes that Petitioner's issues are procedurally defaulted. And these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar. The court therefore denies federal habeas relief and grants Respondent's Motion to Dismiss.

## CONCLUSION

Petitioner's challenges are procedurally barred and do not qualify for exceptional treatment. IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED. IT IS FURTHER ORDERED that the potential conditions-of-confinement claims raised in the petition are DISMISSED. Such claims are inappropriate in a habeas petition and may be more validly raised in a prisoner civil-rights complaint.

Signed January 5, 2018

BY THE COURT

_____

Jill N. Parrish
United States District Court Judge