IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON DAVID TRENT NEEDHAM,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Respondent. | **MEMORANDUM DECISION & ORDER DENYING OR DISMISSING PETITIONER'S POST-JUDGMENT MOTIONS**<br><br>Case No. 2:16-CV-146 JNP<br><br>District Judge Jill N. Parrish |

Before the court are five motions filed *pro se* by Petitioner, Aaron David Trent Needham: (1) Motion of Rule 60(b) (ECF No. 50); (2) Motion for Rehearing for COA (ECF No. 61); (3) Motion for Extension of Time (ECF No. 63); (4) Motion for Electronic Filing (ECF No. 64); and (5) Motion for Extension of Time to File (ECF No. 67).

## BACKGROUND

In 2007, Aaron David Trent Needham was charged with passing or issuing a bad check. On November 17, 2009, Needham entered a guilty plea in abeyance. On June 27, 2014, Needham was convicted of the third-degree felony of "Issuing or Passing a Bad Check" and committed to prison for zero to five years, having failed to complete his plea in abeyance. *State v. Needham*, No. 071500692 (5th Judicial Dist. Ct., Iron County, Utah 2014).

On July 15, 2014, Needham filed a notice of appeal alleging abuse of discretion for entering a conviction on a guilty plea for which Needham had failed to complete the abeyance. Docketing Statement, *State v. Needham*, No. 20140658-CA (Utah Ct. App. 2015); *See* Memorandum in Support, Exhibit 5, ECF No. 54-5. On September 29, 2015, the Utah Court of Appeals affirmed

Needham's conviction, rejecting his arguments on procedural grounds. *State v. Needham*, No. 20140658-CA, slip. op. at 2 (Utah Ct. App. Sept. 29, 2015).

Needham then filed a petition for writ of certiorari to the Utah Supreme Court in October, 2015, which was denied as premature. See Order, April 13, 2016, *Needham v. State*, No. 20151091-SC (Utah Jan. 27, 2016). Needham filed a second petition for writ of certiorari on December 14, 2015, which was denied as well. *Needham v. State*, 369 P.3d 451 (Utah 2016). He did not apply for state post-conviction relief.

On March 18, 2016, Needham filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking relief from the Utah state court conviction. Needham's arguments included: unknowing, involuntary plea; error of not disqualifying the prosecutor; defense counsel conflict of interest; wrongful denial of the opportunity to withdraw his guilty plea; wrongful denial of state trial court recusal; and error regarding ruling on Rule 60(b) motion. On January, 5, 2018, this court granted the Motion to Dismiss (ECF No. 24) filed by Respondent, the State of Utah, and denied Needham's habeas petition and his conditions-of-confinements claims raised in the petition. Memorandum Decision and Order, ECF No. 42. The Court reasoned that the challenges brought by Petitioner were procedurally barred in state court, and thus also barred in a federal habeas petition, and that no exception applied to excuse the procedural bar.

Needham then appealed to the Tenth Circuit Court of Appeals. However, he did so without first requesting a certificate of appealability ("COA") from the district court. Under 28 USC § 2253(c), a petitioner cannot appeal a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" without having been issued a COA from a circuit justice or circuit or district judge. Fed. R. App. P. 22(b)(1). Following *United States v. Higley*, No. 17-1111 (10th Cir. 2017) (holding that a district court must decide

whether to issue a COA in the first instance), the Tenth Circuit abated the appeal and directed a limited remand to the district court to determine whether to issue a certificate of appealability ("COA"). ECF No. 47.

On February 14, 2018, this court determined that no "jurist of reason could debate the conclusion that Mr. Needham's claims were procedurally barred and not subject to an exception." Order Denying Certificate of Appealability 2, ECF No. 48. The Tenth Circuit then lifted the abatement of the appeal on February 15, 2018. Order, February 15, 2018, App. Case No. 18-4014, Doc. 01019945870. The order was entered in the district court on February 28, 2018. ECF No. 49.

Also on February 28, 2018, Petitioner filed a motion under Fed. R. Civ. P. 60(b) seeking relief from judgment on grounds of "mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; [and] any other reason justifying relief from the operation of the judgment." Motion of Rule 60(b) ("Motion") 1, ECF No. 50.

While Petitioner's Fed. R. Civ. P. 60(b) motion was pending in this court, on July 16, 2018, the Tenth Circuit denied Needham's COA request and dismissed his appeal. Order Denying Certificate of Appealability, July 16, 2018, App. Case No. 18-4014, Doc. 010110022964; Mandate of USCA and Order Denying COA, ECF No. 59. On July 25, 2018, Needham filed a motion for "Rehearing for COA" in the district court ("Rehearing Motion"). These two motions, the Fed. R. Civ. P. 60(b) Motion and the Rehearing Motion, are before the court. Also before the court are three other procedural motions filed by Needham, two motions for extension of time and a motion for electronic filing.

## ANALYSIS

I. **FEDERAL RULES OF CIVIL PROCEDURE 60(B) MOTION**

Needham files his Fed. R. Civ. P. 60(b) Motion seeking relief from judgment on grounds of "mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; [and] any other

3

reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b) Motion 1. Specifically, he makes six claims for relief: "Count I: Denial of access to the courts;" "Count II: Ineffective assistance of counsel;" "Count III: ineffective assistance of counsel;" "Count IV: Prosecutorial misconduct;" "Count 5: Judicial Error;" "Count IV: Denial of Access to the Courts – ineffective counsel." For reasons that will be discussed below, Counts I-IV and VI are dismissed for lack of subject matter jurisdiction and Count V is denied.

### A. NATURE OF CLAIMS

In the habeas context, a Fed. R. Civ. P. 60(b) motion often impermissibly overlaps with the habeas statutes, including the ones most applicable here: 28 USC § 2244 and 28 USC § 2254. "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (internal citations omitted). A Fed. R. Civ. P. 60(b) motion is inconsistent with these rules when it constitutes a "successive habeas petition," which must be governed by 28 USC § 2244. *Id.* Based on Tenth Circuit law, this court must first determine "whether the motion is a true Rule 60(b) motion or a second or successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006).

In considering a Fed. R. Civ. P. 60(b) motion containing multiple claims, such as Needham's, the court must evaluate each claim to determine whether the individual claims should be treated as a second or successive habeas petition. *Gonzalez,* 545 U.S. at 530–31. "The district court has jurisdiction to consider true 60(b) issues, but it lacks jurisdiction to consider whether to permit the filing of a second or successive habeas petition." *Spitznas*, 464 F.3d at 1217.

In *Gonzalez*, the Supreme Court held that claims challenging the state court's judgment based on mistake (Fed. R. Civ. P. 60(b)(1)), newly discovered evidence (Fed. R. Civ. P. 60(b)(2)), or a change in constitutional law would all be considered successive petitions, as would any claim

4

challenging a federal district court's ruling on the merits. *Gonzalez*, 545 U.S. at 531-32. On the other hand, if a petition "does not assert, or reassert, claims of error in the movant's state conviction" or it challenges a federal judgment that did not reach the merits of the state conviction, then it is not a successive petition. *Id.* at 533, 538.

Needham does not specifically identify the judgment from which he seeks relief, e.g. the initial state court conviction or this court's denial of his habeas petition. Nevertheless, the court will attempt to evaluate the merits of his claims following the *Gonzalez* standard. Count I alleges denial of access to the courts. All supporting facts relate to state court proceedings that led to the final judgment in state court. Counts II and III, two of his claims for ineffective assistance of counsel, almost certainly apply to the state court proceedings. Needham only alleges failure to provide assistance during the plea process and failure to provide an adequate competency hearing at any time during the state proceedings. Motion 4-5. Similarly, the facts alleged in Count IV in support of a claim for prosecutorial misconduct, assert failures and results at the state court level. Motion 6. Count VI, is a closer call, but still relates to the state judgment. In Count VI, Needham alleges lack of opportunity at time of "direct ineffective assistance appeal" to develop his claims. He also references an appellate brief filed "prior to the prosecution moving to summary judgment." Motion 8. While these proceedings are not referenced specifically, the lack of any motion for summary judgment (other than one filed by Needham) in this court leads us to believe he challenges the state court proceedings as well. The court therefore concludes that Counts I-IV, and VI are successive habeas petitions that must be governed by 28 U.S.C. § 2244.

In Count V, Needham alleges judicial error. Essentially, he repeats claims alleged throughout that his court appearance occurred "right after being released from the hospital" and that his due process rights were "violated for lack of competency hearing." This may seem to be a

5

challenge to the state judgment. However, in the "Standard of Review" section, Needham cites to *Sena v. New Mexico State Prison*, a Tenth Circuit case reversing the federal district court's denial of a habeas petition on grounds that a substantive due process claim based on lack of competence to stand trial cannot be procedurally defaulted for failure to present to the state's highest court. *Sena v. New Mexico State Prison*, 109 F.3d 652, 654 (10th Cir. 1997). According to *Sena*, although "competency claims can involve both procedural and substantive due process, competence to *stand trial* is an aspect of *substantive* due process," and one that cannot be procedurally barred. *Id.* at 654.

Although Needham does not go quite so far as to assert that this federal court erred by not considering his substantive due process claim in his initial habeas petition, interpreting his motion liberally as is appropriate for a *pro se* petitioner, the court concludes that Needham is challenging this court's failure to consider his initial habeas claim. The claim at issue in his initial petition is, "Ground four: Whether the court abused its discretion allowing a plea agreement be entered by someone under influence of pain medication that altered cognitive processing effecting knowing and intellectual ability." Challenging the federal court's failure to reach the merits of a claim is a "true" 60(b) claim as "[i]t asserts a defect in the integrity of the federal habeas proceedings." *Spitznas*, 464 F.3d at 1225 (citing *Gonzalez,* 125 S.Ct. at 2648).

B. RULE 60(B) CLAIM

The court now turns to Count V, the only actual Fed. R. Civ. P. 60(b) claim. Fed. R. Civ. P. 60(b) provides for relief on a number of potential grounds. But Needham does not specify the subsection under which he seeks relief. Ruling out subsections (1)-(5), as Needham does not allege any facts to support relief on these grounds, the court will evaluate his motion as a Fed. R. Civ. P. 60(b)(6) motion seeking relief for "any other reason." Supreme Court case law has "required a
6

movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment," which will "rarely occur in the habeas context." *Gonzalez,* 545 U.S. at 535.

1. **Extraordinary Circumstances**

Assuming a denial of substantive due process would be an extraordinary circumstance, and Needham's claim is based on such a denial, the court will evaluate the merits of his claim. As stated in *Sena*, "[e]nforcement of a conviction based on a plea of an incompetent person is a denial of due process." *Sena*, 109 F.3d at 655. However, to obtain relief on these grounds, Needham must offer evidence creating "a genuine, reasonable doubt about [his] competence." *Id.* (citing *Pate v. Robinson,* 383 U.S. 375, 385 (2003)). If he satisfies that requirement, the court would be required to hold a hearing. *Id.* In this case, however, Mr. Needham has not established genuine, reasonable doubt that he is incompetent. In contrast with the petitioner in *Sena* who had a presumption of incompetency because he was adjudicated incompetent in state court, Needham was never adjudicated incompetent in the state court proceedings. *Id.* He is therefore not entitled to a presumption of incompetence. Rather, he must establish a lack of competency based on more than bare allegations.

The standard for competency to stand trial is, "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. The key is whether the defendant has a rational and factual understanding of the proceedings." *Maynard v. Boone*, 468 F.3d 665, 672 (10th Cir. 2006) (citing *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)) (internal quotations omitted). To establish a claim for incompetence in his initial habeas petition, Needham alleged that he entered his plea agreement having taken percoset,

nurotin, and oxycoton. Petition 14, ECF No. 2. However, he allegedly took the drugs "to handle drive to Cedar City." *Id.* In this court's opinion, if Needham had enough clarity to drive to Cedar City and back, Needham also had the necessary "rationality" to understand the charges against him. Needham also alleges that his trial was held right after his release from the hospital, while he was struggling with neurological disorder and PTSD. These allegations are also insufficient to establish reasonable doubt absent specific evidence that he was unable to understand the proceedings.

Needham does allege that he would have been adjudicated incompetent in state court if he had not been denied a hearing. But this constitutes a challenge to the denial of a hearing, which is *procedural* not *substantive*, and thus procedurally barred for not being raised in state court. The court will not consider that argument here, as it constitutes a successive habeas petition claim. Instead, the relevant question is whether Needham raises reasonable doubt as to his competency. He has not met that burden. The court therefore denies Count V of Needham's Fed. R. Civ. P. 60(b)(6) motion.

2. **Certificate of Appealability**

The court also denies Needham a Certificate of Appealability as to his Fed. R. Civ. P. 60(b)(6) motion. In the Tenth Circuit, when the "district court correctly treat[s] the motion (or any portion thereof) as a true Rule 60(b) motion and denie[s] it," then the movant is required "to obtain a certificate of appealability (COA) before proceeding with his or her appeal." *Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006). Needham is required to obtain a COA regarding our dismissal of this claim before he may appeal. The district court may only issue a COA if "the applicant had made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Under *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013), "[t]o make such a showing, an applicant must demonstrate 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In this case, no reasonable jurist could debate that Mr. Needham has failed to create "a genuine, reasonable doubt about his competence" necessary to establish a substantive due process claim. *Sena v. New Mexico State Prison*, 109 F.3d 652, 655 (10th Cir. 1997). Needham is therefore denied a COA on his Rule 60(b)(6) claim of judicial error.

### C. SECOND OR SUCCESSIVE HABEAS PETITION CLAIMS

As discussed above, Counts I-IV and VI actually constitute claims for second or successive habeas petitions, not motions under Fed. R. Civ. P. 60(b). Second or successive habeas petitions are governed by the strict procedural rules of 28 U.S.C. § 2244. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In a case such as this, where a successive petition has been filed without "the required authorization," the district court has two options, "the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citing *Spitznas v. Boone,* 464 F.3d at 1227).

Factors weighing in favor of a transfer include "a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith." *Winfrey v. United States*, No. 2:16-CV-00624-JNP, 2017 WL 353976, at *1 (D. Utah 2017)

9

(quoting *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997)). In the habeas context, the district court must ask whether there is a "risk that a meritorious successive claim will be lost absent a § 1631 transfer," however if there is no risk, "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the court of appeals] for authorization." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The court will evaluate Needham's claims to see whether they are "meritorious" before deciding whether it is in the interest of justice to transfer.

Needham's five habeas claims are: "Count I: Denial of access to the courts;" "Count II: Ineffective assistance of counsel;" "Count III: ineffective assistance of counsel;" "Count IV: Prosecutorial misconduct;" and "Count VI: Denial of Access to the Courts – ineffective counsel." To be brought before the Tenth Circuit as a successive habeas petition, any claim must be new, not "presented in a prior application," and Needham must demonstrate that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244 (b)(2)(A)-(B).

Counts I and II were previously presented, and thus would be dismissed by the court of appeals. In Count I, Needham alleges he was denied access to counsel, legal materials, and the library. Motion 3. But these claims were raised in his initial habeas petition. Petition 11, ECF No. 2. In Count II, he alleges lack of contact with counsel leading up to his guilty plea. But this was also alleged in the initial petition. These two claims must therefore be dismissed.

In Count III and Count IV, Needham alleges the state failed to allow, and counsel failed to request, a competency hearing. These claims are not specifically alleged in the initial habeas

10

petition. However, Needham does not allege any new facts or law to excuse his failure to plead these claims initially, and so these claims must be dismissed as well.

Needham's final claim, Count VI, Denial of Access to the Courts – Ineffective Counsel, must be dismissed as well. As a basis for this claim, Needham cites to an appellate brief, that was filed but somehow lost. According to Needham, the brief was mailed to his mom in January 2015, "forgotten about," and "discovered recently." Motion 8. However, 28 U.S.C. § 2244 (b)(2)(B) specifically precludes successive petitions based on facts that could have been discovered previously, such as an appellate brief that was in the possession of Needham's mother.

### D. CONCLUSION: RULE 60(B) MOTION

All claims raised in Needham's Fed. R. Civ. P. 60(b) motion must be denied or dismissed. The court denies Count V on the merits as a proper Fed. R. Civ. P. 60(b) claim. The court dismisses the other five counts for lack of subject matter jurisdiction over second or successive habeas petitions.

## II. MOTION FOR REHEARING

Needham attempts to bring a motion for rehearing "pursuant to Rule 6(2)(A) U.S. Ct App 10th Cir." As Federal Rule of Appellate Procedure 6(2)(A) applies to Bankruptcy court decisions, it is not applicable in this case. However, even pursuant to Rule 40 of the Federal Rules of Appellate Procedure, which applies to rehearings in the court of appeals, this court must dismiss the motion. The motion seeks a rehearing for the Certificate of Appealability denied on July 16, 2018 by the Tenth Circuit. That decision is not appealable in the district court. A petition for rehearing must be brought in the Court of Appeals. The district court is without authority to hear the motion. The Motion for Rehearing is therefore dismissed.

### III. MOTION FOR EXTENSION OF TIME

Needham has moved twice for an extension of time to file a reply memorandum to the opposition filed by the State of Utah in two separation motions. ECF Nos. 63 & 67. These motions are both denied as moot. Under the local rules, Needham had fourteen days from service of the response to reply. Those initial fourteen days and the first requested extension of thirty days have both passed. As the court is also denying his Rule 60(b) motion, the motions for extension of time are denied.

### IV. MOTION FOR ELECTRONIC FILING

Besides the appellate brief discussed previously, the only potentially new evidence Needham cites for any of his claims are "3,500 pages of Exhibits" that Needham first mentions in his Fed. R. Civ. P. 60(b) Motion. Needham alleges that he was denied access to these exhibits. It is not clear, however, when these exhibits were discovered. They are first referenced in Needham's Fed. R. Civ. P. 60(b) Motion filed on February 28, 2018. The court has not seen these documents. Needham alleges his mother tried to file the exhibits, but they were lost by the "court clerk."

Needham has moved to file the "new" documents electronically. ECF No. 64. The court denies this motion. The documents cannot be used to support the repetitive, successive claims brought in his Fed. R. Civ. P. 60(b) Motion. They might be able to support the new claims for second or successive habeas relief, but only if they were discovered after the denial of Needham's first habeas petition, on January 5, 2018. Were they available prior to the denial of his first habeas petition, then they are not new documents and cannot constitute the basis for a successive habeas petition. However, if they are new documents, then a claim brought on the basis of these documents will not be prejudiced by dismissal of the successive habeas petition claims, because the statute of limitations has not expired on claims based on evidence discovered after January 5, 2018. Needham has a year from their discovery to move in the Tenth Circuit Court of Appeals for

an order authorizing the district court to consider the petition. 28 U.S.C. § 2244 (3)(A). The district court can do no more on this matter and thus the motion for electronic filing is denied.

## ORDER

**IT IS ORDERED** that:

(1) Regarding Petitioner's Rule 60(b) Motion (ECF No. 50):

    a. Count V, claim for relief from judgment on grounds of judicial error is **DENIED** and a Certificate of Appealabilty as to Claim V is **DENIED;**

    b. Counts I-IV and VI are **DIMISSED** for lack of subject matter jurisdiction.

(2) Petitioner's motion for rehearing regarding the denial of his certificate of appealability (ECF No 61) is **DISMISSED**.

(3) Petitioner's motions for time extensions and leave to file electronically (ECF No. 63, 64, & 67) are **DENIED**.

DATED September 27, 2018.

                        BY THE COURT:

                        JILL N. PARRISH
                        United States District Judge